[No. 17292.    Department One.    January 19, 1923.]

G. B. BURNS, *as Administrator etc., Plaintiff-Respondent,* v. JOHN J. DWYER, *Appellant,* M. J. LUBY *et al., Respondents.*[1]

PLEADING (183)—VARIANCE—EXTENT—ACTIONS ON CONTRACTS. In an action for attorney's fees, it cannot be asserted that there was any departure from the pleadings and an unwarranted judgment on *quantum meruit,* where the action was based upon an implied contract under a custom of attorneys, and defendant denied the contract and custom and alleged what sum would be a reasonable fee, and in which there was evidence as to a reasonable fee without objection.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered November 8, 1921, upon findings in favor of certain claimants, in an action to determine conflicting claims to a deposit in court, tried to the court. Affirmed.

*John J. Dwyer,* for appellant.

*James P. Dillard,* for respondents.

MITCHELL, J.—Andrew J. Patterson died intestate in Spokane county, Washington, in December, 1918,

[1] Reported in 212 Pac. 178.

leaving an estate. There were no known heirs at law. John J. Dwyer, a lawyer of New York City and Hartford, Connecticut, of his own motion, located three persons who were later adjudged to be the only heirs at law and entitled to distribution of the estate. He entered into a contract with two of them to represent their interests in the settlement of the estate, in consideration of a specific portion of the amount recovered for them. They gave him a power of attorney, irrevocable, coupled with an interest, which authorized him to demand and receive from any administrator, person or official, any money or property of any nature to which they as heirs might be entitled from the estate, and to enter into any and all agreements in connection with their interests as heirs in the property of the estate. He employed the law firm of Luby & Pearson of Spokane, who looked after all the proceedings in court from the commencement of proceedings to establish the heirship down to and including the final decree of distribution. The value of the property distributed to the two heirs was $14,785.33. Luby & Pearson duly filed a notice of lien for their services as attorneys in the sum of $3,000.

By stipulation of all the parties, the administrator delivered to Mr. Dwyer the distributive shares of the two heirs, less $3,000. Mr. Dwyer in turn delivered it to them, or such portion thereof as they were entitled to under their contract with him. By a further stipulation the administrator deposited $3,000 in the registry of the court to be disposed of by order upon the determination by the court of a controversy that had arisen between Dwyer and Luby & Pearson over the amount of attorneys' fees the latter were entitled to. Thereupon the administrator commenced this action under Rem. Comp. Stat., §§ 199, 200 and 201,

against Dwyer and Luby & Pearson, requiring them to assert and have the court determine their respective rights and claims to the $3,000.

Omitting much that appears unnecessary for present purposes, of the pleadings of the respective parties, Luby & Pearson alleged that there was no express agreement as to their compensation, and that at all times mentioned in the proceedings in the estate, and at the time they were employed, there was and is a custom among practicing attorneys of this state having charge of litigation forwarded to them from another state, to charge and receive for their services two-thirds of the total amount paid for the services of attorneys, that Dwyer had been paid by the two heirs $4,928.44 as attorney's fees, and that therefore they were entitled to the sum of $3,285.62 as their compensation, in which amount they demanded judgment, and that it be declared a lien on the $3,000 deposited in court.

In his answer and cross-complaint, Dwyer denied the allegation concerning a general custom among practicing attorneys attending to litigation forwarded by non-resident attorneys entitling the resident attorneys to two-thirds of the total fee paid by the client, and denied the allegation as to the amount of fee they claimed. He further alleged that Luby & Pearson were entitled to a reasonable attorney's fee in the sum of only $500, in which amount, and no greater, he demanded that judgment be entered in their favor.

Upon the trial of the case, appropriate findings were entered covering the different features of the controversy and history of the employment, probate proceedings and litigation, and, among others, a finding as follows: "That a reasonable compensation for said services rendered by Luby & Pearson is the sum

of $2,000.'' From a judgment entered on the findings, Dwyer has appealed.

A number of assignments of error have been made. They relate to the findings that were entered by the court and findings requested by Dwyer and refused. An examination of the record shows that those made are supported by a fair preponderance of the evidence, and with one exception merit no discussion or further consideration. The exception relates to the finding as to the reasonable compensation allowed for the services of Luby & Pearson. It is contended by the appellant that, in their complaint, Luby & Pearson declared upon an implied contract, fixing their compensation according to the terms of a controlling custom; that the whole of their evidence was in support of that theory; that they failed to show appellant had any notice whatever of that custom, and that therefore a judgment upon *quantum meruit* was an unwarranted departure from the pleadings and not supported by the evidence. The argument is too technical for favorable consideration, and at the same time not quite accurate. The stipulation and pleadings of the parties, together with the proof thereunder, were intended to settle the matter of the attorney's fee.

In his answer, appellant was not content with denials of the manner and form relied on by respondents in claiming a definite fee, but he further alleged what was a reasonable fee to be allowed them and that judgment be entered accordingly. There was testimony on behalf of the respondents supporting the finding made by the court of the reasonable attorney's fee. While it is true the bulk of respondents' proof referred to the custom mentioned and the application of that rule to the facts in this case, it is true, also,

that one of those witnesses, Mr. Pearson, after testifying to the custom and what the compensation under it amounted to, testified as follows: "Q. What do you say would be a reasonable compensation to you and your firm for the services rendered in this matter? A. Well, I think the customary division of fee would be reasonable." No objection whatever was made on behalf of the appellant to either the question or answer. It was in line with the *quantum meruit* plan of compensation appellant had preferred in his own pleading, and against which proof he offered none whatever. The amount allowed is well within the proof, not only that above referred to, but other testimony that need not be specifically detailed, and not beyond what the court was justified in fixing, considering the services rendered as they were detailed and explained at the trial.

Affirmed.

PARKER, HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.